FILED
2022 Nov-10  PM 02:42
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| NATALIE ASMAN | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| v. | ) | **Case No.: 2:22-cv-01392-ACA** |
| | ) | |
| TRANSUNION, LLC; EXPERIAN | ) | |
| INFORMATION SOLUTIONS, INC.; | ) | |
| EQUIFAX INFORMATION SERVICES, | ) | |
| LLC; ALLY FINANCIAL; | ) | |
| BIRMINGHAM MITSUBISHI; | ) | |
| | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

## SECOND AMENDED COMPLAINT

**COMES NOW** Mrs. Asman, by and through counsel, in the above styled

cause, and for her Complaint against the Defendants states as follows:

### Jurisdiction & Venue

1.      This is an action brought by a consumer for violations of the Fair Credit

Reporting Act (15 U.S.C. § 1681 et seq. [hereinafter "FCRA"]) regarding

inaccurate entries on Mrs. Asman's credit reports. Therefore, subject matter

jurisdiction exists under 15 U.S.C. § 1681p § 618.

2.      This action is also brought under Alabama state law for defamation,

invasion of privacy, negligence, wantonness, and recklessness.

3.        Venue is proper in this Court.

## Parties

4.        Plaintiff NATALIE ASMAN ["Mrs. Asman"] is a natural person who resides within this Judicial District in Mountain Brook, Alabama.

5.        Defendant TRANSUNION, LLC ["TransUnion"] is a foreign company that engages in the business of maintaining and reporting consumer credit information and does business in this Judicial District.

6.        Defendant EXPERIAN INFORMATION SOLUTIONS, INC. ["Experian"] is a foreign company that engages in the business of maintaining and reporting consumer credit information and does business in this Judicial District.

7.        Defendant EQUIFAX INFORMATION SERVICES, LLC ["Equifax"] is a foreign company that engages in the business of maintaining and reporting consumer credit information and does business in this Judicial District.

8.        Defendant ALLY FINANCIAL ["ALLY"] is a foreign company that is a financial institution engaged in the business of providing auto loans to consumers and furnished consumer credit information about Mrs. Asman and engages in business in this Judicial District.

9.        Defendant BIRMINGHAM MITSUBISHI ["Birmingham Mitsubishi"] is a domestic company that sells motor vehicles and furnished consumer credit

information about Mrs. Asman and engages in business in this Judicial District.

**Federal Rule 8(a)(2)**
**Statement of the Claims and Factual Allegations**

10.     Mrs. Asman brings these claims against TransUnion, Experian, Equifax, Ally, and Birmingham Mitsubishi for violations of the Fair Credit Reporting Act ("FCRA"), defamation of Mrs. Asman by publishing inaccurate information, invasion of her privacy by intruding on her solitude and seclusion, and for negligence, wantonness, and recklessness in their breach of their duties to investigate consumer credit transaction and insure proper and accurate reporting.

11.     Mrs. Asman had numerous errors on her credit reports with Experian, Equifax, and TransUnion concerning four (4) accounts under her name from PenFed, Ally, Chase Auto and AmFirst.

12.     Apparently, Birmingham Mitsubishi had sold four (4) motor vehicles to the same individual with a New Jersey driver's license with an invalid address and telephone number from December 2, 2021 through January 8, 2022.

13.     Mrs. Asman disputed these accounts with TransUnion, Experian, Equifax, Ally, and Birmingham Mitsubishi beginning in or around April 2022 and these disputes continued through disputes online and by mail that Mrs. Asman, and her attorney, made to TransUnion, Experian, Equifax, Ally, and Birmingham

Mitsubishi, and the Mountain Brook Police Department.

14.     The incorrect accounts/trade lines in question included the following fraudulent accounts: Chase Auto account 12133xxxx; AmFirst account 635xx; PenFed account 3355xxx; and Ally 2280xxxx.

15.     Defendants TransUnion, Experian and Equifax improperly caused and/or allowed impermissible credit pulls between December 2, 2021 and January 8, 2022 of Mrs. Asman's credit reports violating the FCRA.

16.     TransUnion, Experian, Equifax, Ally, and Birmingham Mitsubishi failed to maintain Mrs. Asman's accounts with maximum accuracy and failed to properly investigate the accounts in response to the disputes made by Mrs. Asman and her attorney.

17.     Chase Auto and AmFirst immediately realized the fraud/identity theft, notified Defendants Equifax, TransUnion, and Experian, and removed these accounts from the reports.

18.     PenFed Credit Union ("PenFed")[1] and Ally failed to remove their accounts and verified them as accurate when they knew, should have known, or could have known with the exercise of reasonable care that they were fraudulent due to identity theft and the disputes raised by Mrs. Asman and her attorney.

---

[1] PenFed corrected the errors just prior to the filing of the lawsuit and agreed to resolve the claims against them and were dismissed from the lawsuit.

19.    As a result of the fraudulent activities and identity theft along with the failures of Birmingham Mitsubishi, Ally, TransUnion, Experian, and Equifax, Mrs. Asman has suffered by being denied credit[2] and by having her credit scores reduced resulting in the potential for higher interest rates than she would have if the Defendants would have promptly conducted a reasonable investigation and had maintained the accounts on the credit reports with maximum accuracy.

20.    The conduct of Transunion, Experian, Equifax, Ally, and Birmingham Mitsubishi has proximately caused Mrs. Asman past and future monetary loss, past and future damage to Mrs. Asman's credit and credit worthiness, past and future mental distress and emotional anguish, and other damages that will be presented to the trier of fact.

21.    It is a practice of all of the Defendants to maliciously, willfully, recklessly, wantonly and/or negligently ignore and refuse to follow the requirements of the FCRA and state law.

22.    All actions taken by employees, agents, servants, or representatives of any type for the Defendants were taken in the line and scope of such individuals (or entities') employment, agency or representation.

23.    All actions taken by the Defendants were done with malice, were done willfully, and were done with either the desire to harm Mrs. Asman and/or with

---

[2] Mrs. Asman has been declined credit twice at the time of this filing.

the knowledge that their actions would very likely harm Mrs. Asman and/or that

their actions were taken in violation of the FCRA and state law and/or that they

knew or should have known that their actions were in reckless disregard of the

FCRA and state law.

24.      All Defendants have engaged in a pattern and practice of wrongful and

unlawful behavior with respect to accounts and consumer reports and as such

all Defendants are subject to punitive damages and statutory damages and all other

appropriate measures to punish and deter similar future conduct by these

Defendants and similar companies.

### FIRST CLAIM FOR RELIEF
### TransUnion's Violation the Fair Credit Reporting Act

25.      Mrs. Asman is a "consumer," as codified at 15 U.S.C. § 1681a(c).

26.      TransUnion is a "consumer reporting agency," as codified at 15 U.S.C.

§ 1681a (f) and (p).

27.      Mrs. Asman notified TransUnion directly of a dispute on the Ally,

AmFirst, PenFed and Chase Auto accounts' completeness and/or accuracy, as

reported as a result of four (4) motor vehicles being purchased at Birmingham

Mitsubishi under her name between December 2, 2021 and January 8, 2022 ("the

Four Accounts").

28.      Defendant TransUnion either failed to delete information regarding the

Four Accounts which were found to be inaccurate or reinserted the information on

the Four Accounts without following the dictates of the FCRA.

29.    Mrs. Asman alleges that at all relevant times TransUnion failed to maintain and failed to follow reasonable procedures to assure maximum possible accuracy of her credit report, concerning the Four Accounts in question, violating 15 U.S.C. § 1681e(b).

30.    Mrs. Asman alleges that TransUnion failed to conduct a proper and lawful reinvestigation regarding the Four Accounts as it knew, should have known, or could have known with the exercise of reasonable care that the information provided to TransUnion was fraudulent and inaccurate.

31.    TransUnion improperly caused and/or allowed an impermissible pull on or about the period December 2, 2021 and January 8, 2022 of Mrs. Asman's credit report violating the FCRA.

32.    All actions taken by TransUnion was done with malice, was done willfully, and was done with either the desire to harm Mrs. Asman and/or with the knowledge that its actions would very likely harm Mrs. Asman and/or that its actions were taken in violation of the FCRA and state law and/or that it knew or should have known that its actions were in reckless disregard of the FCRA and state law.

33.    TransUnion's violations of the FCRA proximately caused Mrs. Asman past and future monetary loss, past and future damage to Mrs. Asman's credit and

credit worthiness, past and future mental distress and emotional anguish, and other damages that will be presented to the trier of fact.

**SECOND CLAIM FOR RELIEF**
**Experian's Violation the Fair Credit Reporting Act**

34.     Mrs. Asman is a "consumer," as codified at 15 U.S.C. § 1681a(c).

35.     Experian is a "consumer reporting agency," as codified at 15 U.S.C. § 1681a (f) and (p).

36.     Mrs. Asman notified Experian directly of a dispute on the Ally, AmFirst, PenFed and Chase Auto accounts' completeness and/or accuracy, as reported as a result of four (4) motor vehicles being purchased at Birmingham Mitsubishi under her name between December 2, 2021 and January 8, 2022 ("the Four Accounts").

37.     Defendant Experian either failed to delete information regarding the Four Accounts which were found to be inaccurate or reinserted the information on the Four Accounts without following the dictates of the FCRA.

38.     Mrs. Asman alleges that at all relevant times Experian failed to maintain and failed to follow reasonable procedures to assure maximum possible accuracy of her credit report, concerning the Four Accounts in question, violating 15 U.S.C. § 1681e(b).

39.     Mrs. Asman alleges that Experian failed to conduct a proper and lawful reinvestigation regarding the Four Accounts as it knew, should have known, or

could have known with the exercise of reasonable care that the information provided to Experian was fraudulent and inaccurate.

40.      Experian improperly caused and/or allowed an impermissible pull on or about the period December 2, 2021 and January 8, 2022 of Mrs. Asman's credit report violating the FCRA.

41.      All actions taken by Experian was done with malice, was done willfully, and was done with either the desire to harm Mrs. Asman and/or with the knowledge that its actions would very likely harm Mrs. Asman and/or that its actions were taken in violation of the FCRA and state law and/or that it knew or should have known that its actions were in reckless disregard of the FCRA and state law.

42.      Experian's violations of the FCRA proximately caused Mrs. Asman past and future monetary loss, past and future damage to Mrs. Asman's credit and credit worthiness, past and future mental distress and emotional anguish, and other damages that will be presented to the trier of fact.

### THIRD CLAIM FOR RELIEF
### Equifax's Violation the Fair Credit Reporting Act

43.      Mrs. Asman is a "consumer," as codified at 15 U.S.C. § 1681a(c).

44.      Equifax is a "consumer reporting agency," as codified at 15 U.S.C. § 1681a (f) and (p).

45.      Mrs. Asman notified Equifax directly of a dispute on the Ally, AmFirst, PenFed and Chase Auto accounts' completeness and/or accuracy, as reported as a result of four (4) motor vehicles being purchased at Birmingham Mitsubishi under her name between December 2, 2021 and January 8, 2022 ("the Four Accounts").

46.      Defendant Equifax either failed to delete information regarding the Four Accounts which were found to be inaccurate or reinserted the information on the Four Accounts without following the dictates of the FCRA.

47.      Mrs. Asman alleges that at all relevant times Equifax failed to maintain and failed to follow reasonable procedures to assure maximum possible accuracy of her credit report, concerning the Four Accounts in question, violating 15 U.S.C. § 1681e(b).

48.      Mrs. Asman alleges that Equifax failed to conduct a proper and lawful reinvestigation regarding the Four Accounts as it knew, should have known, or could have known with the exercise of reasonable care that the information provided to Equifax was fraudulent and inaccurate.

49.      Equifax improperly caused and/or allowed an impermissible pull on or about the period December 2, 2021 and January 8, 2022 of Mrs. Asman's credit report violating the FCRA.

50.      All actions taken by Equifax was done with malice, was done willfully, and was done with either the desire to harm Mrs. Asman and/or with the

knowledge that its actions would very likely harm Mrs. Asman and/or that its

actions were taken in violation of the FCRA and state law and/or that it knew or

should have known that its actions were in reckless disregard of the FCRA and

state law.

51.        Equifax's violations of the FCRA proximately caused Mrs. Asman past

and future monetary loss, past and future damage to Mrs. Asman's credit and

credit worthiness, past and future mental distress and emotional anguish, and other

damages that will be presented to the trier of fact.

**FOURTH CLAIM FOR RELIEF**
**Ally's Violation the Fair Credit Reporting Act**

52.        Mrs. Asman is a "consumer," as codified at 15 U.S.C. § 1681a(c).

53.        Ally is an entity who, regularly and in the course of business, furnishes

information to one or more consumer reporting agencies about its transactions or

experiences with any consumer and constitutes a "furnisher," as codified at 15

U.S.C. § 1681s-2.

54.        Mrs. Asman notified Ally directly of a dispute regarding a fraudulent

loan on an Ally account where her identity had been stolen and used to

fraudulently purchase a motor vehicle at Birmingham Mitsubishi under her name

and financed through Ally.

55.        Mrs. Asman notified Ally of the fraud, the incompleteness and/or

inaccuracy, as reported.

56.     Mrs. Asman notified Ally of her dispute regarding the Ally account's completeness and/or accuracy, as reported.

57.     Not only did Ally fail to delete the information and report the deletion to TransUnion, Experian, and Equifax, but Ally also sent Mrs. Asman and her attorney a letter stating the Ally account was being sent to Asset Recovery and being charged-off as a loss.

58.     The failure of Ally to report accurate information as well as sending the account to asset recovery and charging the account of as a loss, illustrates Ally's failure to follow the dictates of the FCRA.

59.     The actions of Ally to forward the account to asset recovery and charging off the account occurred after Ally had been notified and after Ally had been served with Mrs. Asman's Complaint in the Circuit Court of Jefferson County, Alabama.

60.     Mrs. Asman alleges that at all relevant times Ally failed to maintain and failed to follow reasonable procedures to assure maximum possible accuracy of her credit report, concerning the accounts in question, violating 15 U.S.C. § 1681e(b).

61.     Mrs. Asman alleges that Ally failed to conduct a proper and lawful reinvestigation of her alleged account.

62.     Ally improperly caused and/or allowed an impermissible pull on or about January 8, 2022, of Mrs. Asman's credit report violating the FCRA.

63.    All actions taken by Ally was done with malice, was done willfully, and was done with either the desire to harm Mrs. Asman and/or with the knowledge that its actions would very likely harm Mrs. Asman and/or that its actions were taken in violation of the FCRA and state law and/or that it knew or should have known that its actions were in reckless disregard of the FCRA and state law.

64.    Ally's violations of the FCRA proximately caused Mrs. Asman past and future monetary loss, past and future damage to Mrs. Asman's credit and credit worthiness, past and future mental distress and emotional anguish, and other damages that will be presented to the trier of fact.

## FIFTH CLAIM FOR RELIEF
### Birmingham Mitsubishi's Violation the Fair Credit Reporting Act

65.    Mrs. Asman is a "consumer," as codified at 15 U.S.C. § 1681a(c).

66.    Birmingham Mitsubishi is an entity who, regularly and in the course of business, furnishes information to one or more creditors and consumer reporting agencies about its transactions or experiences with any consumer and constitutes a "furnisher," as codified at 15 U.S.C. § 1681s-2.

67.    Mrs. Asman notified Birmingham Mitsubishi directly of a dispute regarding several fraudulent loans and fraudulent purchases of vehicles on Birmingham Mitsubishi accounts where her identity had been stolen and used to fraudulently purchase four (4) motor vehicles from Birmingham Mitsubishi between December 2, 2021 and January 8, 2022.

68.    Mrs. Asman notified Birmingham Mitsubishi of the fraud, the incompleteness and/or inaccuracy, as reported.

69.    Mrs. Asman notified Birmingham Mitsubishi of her dispute regarding the Birmingham Mitsubishi accounts' completeness and/or accuracy, as reported.

70.    Not only did Birmingham Mitsubishi fail to delete the information and report the deletion to TransUnion, Experian, Equifax, Ally, PenFed, Chase Auto, and AmFirst, but Birmingham Mitsubishi also failed to properly establish, implement, and enforce reasonable written policies and procedures regarding the accuracy and integrity of consumer information provided to other creditors and credit reporting agencies.

71.    The failure of Birmingham Mitsubishi to properly establish, implement, and enforce reasonable written policies and procedures regarding the accuracy and integrity of consumer information, such as Mrs. Asman's, provided to other creditors and credit reporting agencies as well as their failure to report accurate information, illustrates Birmingham Mitsubishi's failure to follow the dictates of the FCRA and the FTC's rules under the Consumer Protection Bureau.

72.    Mrs. Asman alleges that at all relevant times Birmingham Mitsubishi failed to properly establish, implement, maintain, and enforce reasonable written policies and procedures regarding the accuracy and integrity of consumer information, such as Mrs. Asman's, in order to assure maximum possible accuracy

of her credit report, concerning the accounts in question, violating 15 U.S.C. §
1681e(b).

73.    Mrs. Asman alleges that Birmingham Mitsubishi failed to conduct a
proper and lawful reinvestigation of her alleged accounts.

74.    Birmingham Mitsubishi improperly caused and/or allowed several
impermissible pulls between December 2, 2021 and January 8, 2022, of Mrs.
Asman's credit report violating the FCRA.

75.    All actions taken by Birmingham Mitsubishi were done with malice,
were done willfully, and were done with either the desire to harm Mrs. Asman
and/or with the knowledge that its actions would very likely harm Mrs. Asman
and/or that its actions were taken in violation of the FCRA and state law and/or
that it knew or should have known that its actions were in reckless disregard of the
FCRA and state law.

76.    Birmingham Mitsubishi's violations of the FCRA proximately caused
Mrs. Asman past and future monetary loss, past and future damage to Mrs.
Asman's credit and credit worthiness, past and future mental distress and
emotional anguish, and other damages that will be presented to the trier of fact.

## SIXTH CLAIM FOR RELIEF
### TransUnion's Defamation

77.    TransUnion published false information about Mrs. Asman by
reporting the Four Accounts in question with false information listed on the

15

accounts.

78.     Mrs. Asman alleges that the publication was done maliciously, without privilege, negligently, recklessly, and/or with a willful intent to injure Mrs. Asman.

79.     Such publication constitutes defamation under Alabama law.

80.     TransUnion's defamation proximately caused Mrs. Asman past and future monetary loss, past and future damage to Mrs. Asman's credit and credit worthiness, past and future mental distress and emotional anguish, and other damages that will be presented to the trier of fact.

## SEVENTH CLAIM FOR RELIEF
### Experian's Defamation

81.     Experian published false information about Mrs. Asman by reporting the Four Accounts in question with false information listed on the accounts.

82.     Mrs. Asman alleges that the publication was done maliciously, without privilege, negligently, recklessly, and/or with a willful intent to injure Mrs. Asman.

83.     Such publication constitutes defamation under Alabama law.

84.     Experian's defamation proximately caused Mrs. Asman past and future monetary loss, past and future damage to Mrs. Asman's credit and credit worthiness, past and future mental distress and emotional anguish, and other

damages that will be presented to the trier of fact.

## EIGHTH CLAIM FOR RELIEF
### Equifax's Defamation

85.     Equifax published false information about Mrs. Asman by reporting the Four Accounts in question with false information listed on the accounts.

86.     Mrs. Asman alleges that the publication was done maliciously, without privilege, negligently, recklessly, and/or with a willful intent to injure Mrs. Asman.

87.     Such publication constitutes defamation under Alabama law.

88.     Equifax's defamation proximately caused Mrs. Asman past and future monetary loss, past and future damage to Mrs. Asman's credit and credit worthiness, past and future mental distress and emotional anguish, and other damages that will be presented to the trier of fact.

## NINTH CLAIM FOR RELIEF
### Ally's Defamation

89.     Ally published false information about Mrs. Asman by reporting false information regarding Mrs. Asman's alleged purchase of a motor vehicle to the various credit reporting agencies.

90.     Mrs. Asman alleges that the publication was done maliciously, without

privilege, negligently, recklessly, and/or with a willful intent to injure Mrs. Asman.

91.     Such publication constitutes defamation under Alabama law.

92.     Ally's defamation proximately caused Mrs. Asman past and future monetary loss, past and future damage to Mrs. Asman's credit and credit worthiness, past and future mental distress and emotional anguish, and other damages that will be presented to the trier of fact.

## TENTH CLAIM FOR RELIEF
## Birmingham Mitsubishi's Defamation

93.     Birmingham Mitsubishi published false information about Mrs. Asman  by  reporting the Four Accounts in question with false information listed on the accounts to four (4) different financial institutions and, in turn, to the three (3) credit reporting agencies.

94.     Mrs. Asman alleges that the publication was done maliciously, without privilege, negligently, recklessly, and/or with a willful intent to injure Mrs. Asman.

95.     Such publication constitutes defamation under Alabama law.

96.     Birmingham Mitsubishi defamation proximately caused Mrs. Asman past and  future monetary loss, past and future damage to Mrs. Asman's credit and credit worthiness, past and future mental distress and emotional anguish, and other damages that will be presented to the trier of fact.

## ELEVENTH CLAIM FOR RELIEF
### TransUnion's Invasion of Privacy

97.      TransUnion invaded the privacy of Mrs. Asman as set forth in Alabama law. This was accomplished by the improper credit pull and publication of Mrs. Asman's account on multiple occasions without investigating the incorrect address and telephone number on the account along with the purchase of four (4) vehicles by the same person over five (5) weeks from the same dealership, Birmingham Mitsubishi.

98.      TransUnion wrongfully intruded on Mrs. Asman's solitude and private affairs and concerns  by  reporting the Four Accounts in question with false information listed on the accounts without any attempt at determining the accuracy of Mrs. Asman's personal information.

99.      TransUnion's invasion of Mrs. Asman's privacy proximately caused Mrs. Asman past and  future monetary loss, past and future damage to Mrs. Asman's credit and credit worthiness, past and future mental distress and emotional anguish, and other damages that will be presented to the trier of fact.

## TWELTH CLAIM FOR RELIEF
### Experian's Invasion of Privacy

100.      Experian invaded the privacy of Mrs. Asman as set forth in Alabama law. This was accomplished by the improper credit pull and publication of Mrs. Asman's account on multiple occasions without investigating the incorrect address

and telephone number on the account along with the purchase of four (4) vehicles by the same person over five (5) weeks from the same dealership, Birmingham Mitsubishi.

101.    Experian wrongfully intruded on Mrs. Asman's solitude and private affairs and concerns  by  reporting the Four Accounts in question with false information listed on the accounts without any attempt at determining the accuracy of Mrs. Asman's personal information.

102.    Experian's invasion of Mrs. Asman's privacy proximately caused Mrs. Asman past and  future monetary loss, past and future damage to Mrs. Asman's credit and credit worthiness, past and future mental distress and emotional anguish, and other damages that will be presented to the trier of fact.

### THIRTEENTH CLAIM FOR RELIEF
### Equifax's Invasion of Privacy

103.    Equifax invaded the privacy of Mrs. Asman as set forth in Alabama law. This was accomplished by the improper credit pull and publication of Mrs. Asman's account on multiple occasions without investigating the incorrect address and telephone number on the account along with the purchase of four (4) vehicles by the same person over five (5) weeks from the same dealership, Birmingham Mitsubishi.

104.    Equifax wrongfully intruded on Mrs. Asman's solitude and private affairs and concerns  by  reporting the Four Accounts in question with false

information listed on the accounts without any attempt at determining the accuracy of Mrs. Asman's personal information.

105.     Equifax's invasion of Mrs. Asman's privacy proximately caused Mrs. Asman past and future monetary loss, past and future damage to Mrs. Asman's credit and credit worthiness, past and future mental distress and emotional anguish, and other damages that will be presented to the trier of fact.

**FOURTEENTH CLAIM FOR RELIEF**
**<u>Ally's Invasion of Privacy</u>**

106.     Ally invaded the privacy of Mrs. Asman as set forth in Alabama law. This was accomplished by the improper credit pull and furnishing of private information related to Mrs. Asman without investigating the incorrect address and telephone number on the account.

107.     Ally wrongfully intruded on Mrs. Asman's solitude and private affairs and concerns  by  providing credit to a fraudulent purchaser without a proper investigation and by furnishing false information to the credit reporting agencies without any attempt at determining the accuracy of Mrs. Asman's personal information.

108.     Ally's invasion of Mrs. Asman's privacy proximately caused Mrs. Asman past and future monetary loss, past and future damage to Mrs. Asman's credit and credit worthiness, past and future mental distress and emotional anguish, and other damages that will be presented to the trier of fact.

## FIFTEENTH CLAIM FOR RELIEF
## <u>Birmingham Mitsubishi's Invasion of Privacy</u>

109.        Birmingham Mitsubishi invaded the privacy of Mrs. Asman as set forth in Alabama law. This was accomplished by the improper handling of the purchase of four (4) automobiles during the period of December 2, 2021 and January 8, 2022 by the same individual with obvious inaccuracies in the individual's address and telephone number and State of residence.

110.        Birmingham Mitsubishi caused Mrs. Asman's credit to be pulled numerous times and published private information to financial institutions which caused this false information to be reported to the credit reporting agencies to the detriment of Mrs. Asman.

111.        Birmingham Mitsubishi wrongfully intruded on Mrs. Asman's solitude and private affairs and concerns  by  failing to insure proper policies and procedures were in place to prevent identity theft transactions and fraudulent purchases and to prevent Mrs. Asman's private information to be disclosed to various financial institutions and the credit reporting agencies.

112.        Birmingham Mitsubishi issued credit and reported private information about Mrs. Asman without any attempt at determining the accuracy of Mrs. Asman's personal information.

113.        Birmingham Mitsubishi's invasion of Mrs. Asman's privacy

proximately caused Mrs. Asman past and future monetary loss, past and future

damage to Mrs. Asman's credit and credit worthiness, past and future mental

distress and emotional anguish, and other damages that will be presented to the

trier of fact.

## SIXTEENTH CLAIM FOR RELIEF
## TransUnion's Negligence, Wantonness, and Recklessness

114.     TransUnion negligently, wantonly, and recklessly reported inaccurate

information regarding Mrs. Asman on her credit report.

115.     TransUnion has a duty to ensure accurate information is reported

regarding consumers such as Mrs. Asman.

116.     TransUnion has a duty to investigate information furnished by creditors

and to make sure it is accurate.

117.     TransUnion has a duty to implement policies and procedures to protect

consumers from identity theft and fraudulent credit transactions.

118.     TranUnion negligently, wantonly, and recklessly breached that duty to

Mrs. Asman by allowing four (4) automobile purchases to be reported on her

credit within approximately five (5) weeks from the same automobile dealership

without questioning the volume of transactions or the information provided by the

furnishers of credit.

119.     TransUnion knew, should have known, or could have known with the

exercise of reasonable care that Mrs. Asman's credit would be significantly harmed by their failure to act prudently while reporting Mrs. Asman's credit information.

120.     As a proximate consequence of TransUnion's negligence, wantonness, and recklessness, Mrs. Asman has been injured and damaged by suffering from past and  future monetary loss, past and future damage to Mrs. Asman's credit and credit worthiness, past and future mental distress and emotional anguish, and other damages that will be presented to the trier of fact.

## SEVENTEENTH CLAIM FOR RELIEF
## Experian's Negligence, Wantonness, and Recklessness

121.     Experian negligently, wantonly, and recklessly reported inaccurate information regarding Mrs. Asman on her credit report.

122.     Experian has a duty to ensure accurate information is reported regarding consumers such as Mrs. Asman.

123.     Experian has a duty to investigate information furnished by creditors and to make sure it is accurate.

124.     Experian has a duty to implement policies and procedures to protect consumers from identity theft and fraudulent credit transactions.

125.     Experian negligently, wantonly, and recklessly breached that duty to Mrs. Asman by allowing four (4) automobile purchases to be reported on her

credit within approximately five (5) weeks from the same automobile dealership without questioning the volume of transactions or the information provided by the furnishers of credit.

126.    Experian knew, should have known, or could have known with the exercise of reasonable care that Mrs. Asman's credit would be significantly harmed by their failure to act prudently while reporting Mrs. Asman's credit information.

127.    As a proximate consequence of Experian's negligence, wantonness, and recklessness, Mrs. Asman has been injured and damaged by suffering from past and future monetary loss, past and future damage to Mrs. Asman's credit and credit worthiness, past and future mental distress and emotional anguish, and other damages that will be presented to the trier of fact.

## EIGHTEENTH CLAIM FOR RELIEF
### Equifax's Negligence, Wantonness, and Recklessness

128.    Equifax negligently, wantonly, and recklessly reported inaccurate information regarding Mrs. Asman on her credit report.

129.    Equifax has a duty to ensure accurate information is reported regarding consumers such as Mrs. Asman.

130.    Equifax has a duty to investigate information furnished by creditors and to make sure it is accurate.

131.     Equifax has a duty to implement policies and procedures to protect consumers from identity theft and fraudulent credit transactions.

132.     Equifax negligently, wantonly, and recklessly breached that duty to Mrs. Asman by allowing four (4) automobile purchases to be reported on her credit within approximately five (5) weeks from the same automobile dealership without questioning the volume of transactions or the information provided by the furnishers of credit.

133.     Equifax knew, should have known, or could have known with the exercise of reasonable care that Mrs. Asman's credit would be significantly harmed by their failure to act prudently while reporting Mrs. Asman's credit information.

134.     As a proximate consequence of Equifax's negligence, wantonness, and recklessness, Mrs. Asman has been injured and damaged by suffering from past and future monetary loss, past and future damage to Mrs. Asman's credit and credit worthiness, past and future mental distress and emotional anguish, and other damages that will be presented to the trier of fact.

## NINETEENTH CLAIM FOR RELIEF
### Ally's Negligence, Wantonness, and Recklessness

135.     Ally negligently, wantonly, and recklessly issued credit to a fraudulent individual who stole Mrs. Asman's identity.

136.    Ally has a duty to ensure credit information is accurate and not fraudulent before issuing credit to a consumer, especially in light of the increase in identity theft over the last twenty (20) years.

137.    Ally has a duty to investigate information furnished by consumers and automobile dealers and to make sure it is accurate before agreeing to finance a car loan.

138.    Ally has a duty to implement policies and procedures to protect consumers from identity theft and fraudulent credit transactions such as the one suffered by Mrs. Asman.

139.    Ally negligently, wantonly, and recklessly breached that duty to Mrs. Asman by failing to properly investigate the information presented to Ally by Birmingham Mitsubishi and by failing to assess the credit reports pulled in order to see the various transactions on Mrs. Asman's account from December 2, 2021 through January 8, 2022, i.e.: the Ally transaction was the fourth motor vehicle allegedly purchased by Mrs. Asman from the same dealership within five (5) weeks.

140.    Ally knew, should have known, or could have known with the exercise of reasonable care that Mrs. Asman's credit would be significantly harmed by their failure to act prudently while investigating the request for financing for the fourth motor vehicle purchased on Mrs. Asman's credit within five (5) weeks.

Specifically, had Ally even attempted to call Mrs. Asman or research the address provided, Ally would have known the information was inaccurate and fraudulent.

141.     As a proximate consequence of Ally's negligence, wantonness, and recklessness, Mrs. Asman has been injured and damaged by suffering from past and future monetary loss, past and future damage to Mrs. Asman's credit and credit worthiness, past and future mental distress and emotional anguish, and other damages that will be presented to the trier of fact.

**TWENTIETH CLAIM FOR RELIEF**
**<u>Birmingham Mitsubishi's Negligence, Wantonness, and Recklessness</u>**

142.     Birmingham Mitsubishi negligently, wantonly, and recklessly sold four (4) motor vehicles within five (5) weeks to a fraudulent individual who stole Mrs. Asman's identity.

143.     On all of the motor vehicle sales mentioned in paragraph 142 above, Birmingham Mitsubishi is listed as the "Seller-Creditor" on the Retail Installment Sales Contracts.

144.     Birmingham Mitsubishi has a duty to ensure information provided by consumer buyers is accurate and not fraudulent before agreeing to provide them credit and before providing information to financial institutions for credit to assist the consumer in purchasing a vehicle, especially in light of the increase in identity theft over the last twenty (20) years.

145.      Birmingham Mitsubishi has a duty to develop and institute policies and procedures to ensure consumers provide accurate information for credit to purchase a motor vehicle.

146.      Birmingham Mitsubishi has a duty to investigate information furnished by consumers and to make sure it is accurate before agreeing to finance a car loan.

147.      Birmingham Mitsubishi has a duty to implement policies and procedures to protect consumers from identity theft and fraudulent credit transactions such as the one suffered by Mrs. Asman.

148.      Birmingham Mitsubishi negligently, wantonly, and recklessly breached that duty to Mrs. Asman by failing to properly investigate the information presented to Birmingham Mitsubishi and by failing to even question the purchase of four (4) motor vehicles within five (5) weeks by a consumer with a New Jersey driver's license and a nonexistent address and telephone number.

149.      Birmingham Mitsubishi knew, should have known, or could have known with the exercise of reasonable care that the person representing herself as Mrs. Asman had stolen Mrs. Asman's identity and was using Mrs. Asman's information to purchase four (4) vehicles from Birmingham Mitsubishi over five (5) weeks (December 2, 2021 through January 8, 2022).

150.      Birmingham Mitsubishi knew, should have known, or could have known with the exercise of reasonable care that Mrs. Asman's credit would be

significantly harmed by their failure to act prudently while investigating the request for financing for the fourth motor vehicle purchased on Mrs. Asman's credit within five (5) weeks. Specifically, had Birmingham Mitsubishi done any elementary investigation, i.e.: even attempted to call Mrs. Asman or research the address provided, Birmingham Mitsubishi would have known the information was inaccurate and fraudulent.

151.     As a proximate consequence of Birmingham Mitsubishi's negligence, wantonness, and recklessness, Mrs. Asman has been injured and damaged by suffering from past and future monetary loss, past and future damage to Mrs. Asman's credit and credit worthiness, past and future mental distress and emotional anguish, and other damages that will be presented to the trier of fact.

## **RELIEF SOUGHT**

152.     An award of statutory, actual, compensatory and punitive damages, and costs of the action including expenses, together with reasonable attorney's fees.

153.     The removal of all all tradelines on Mrs. Asman's credit reports with respect to the four (4) motor vehicle purchases at Birmingham Mitsubishi as well as verification that her credit has been restored.

154.     Mrs. Asman also requests all further relief to which she is entitled under Federal or State law, whether of a legal or equitable nature.

Respectfully Submitted,


*/s/ Jon E. Lewis*
**Jon E. Lewis (LEW033)**
**Attorney for Mrs. Asman**

**OF COUNSEL:**
Lewis & Feldman, LLC
2112 11th Avenue South, Suite 542
Birmingham, AL 35205
(205) 254-6060 *telephone*
(205) 254-3939 *facsimile*
jon@lewisandfeldman.com


## MRS. ASMAN DEMANDS A TRIAL BY JURY IN THIS CAUSE.


## CERTIFICATE OF SERVICE

I do hereby certify that a copy of the above and foregoing has been served upon the following by electronic filing through Alafile and/or by placing a copy of same via U.S. Mail in a properly addressed envelope with sufficient postage thereon this the 10th day of November, 2022.

Jonathan M. Lieb (LIE004)
jlieb@mcdowellknight.com
J. Stephen Harvey (HAR155)
sharvey@mcdowellknight.com
MCDOWELL KNIGHT ROEDDER & SLEDGE, LLC
11 North Water St., Ste. 13290
Mobile, Alabama 36602

Paul Sheldon, Esquire
psheldon@qslwm.com
Kara McLemore, Esquire
kmclemore@qslwm.com
QUILLING, SELANDER, LOWNDS,
WINSLETT & MOSER, P.C.

6900 N. Dallas Parkway, Suite 800
Plano, TX 75024

Matthew W. Robinett, Esquire
Mrobinett@nwkt.com
NORMAN, WOOD, KENDRICK & TURNER
Ridge Park Place, Suite 3000
1130 22nd STREET SOUTH
BIRMINGHAM, AL 35205

L. Jackson Young, Jr., Esquire
ljyoung@csattorneys.com
CHRISTIAN & SMALL LLP
505 North 20th Street
Suite 1800
Birmingham, AL 35203-2696

Brock Phillips, Esquire
BPhillips@maynardcooper.com
MAYNARD COOPER GALE
1901 Sixth Ave N., Suite 1700
Birmingham, AL 35203

Roy Harrell, Esquire
roy.harrell@troutman.com
Kearstin Harumi Sale, Esquire
Kearstin.sale@troutman.com
Ethan Ostroff, Esquire
Ethan.Ostroff@troutman.com
Mark Kundmueller, Esquire
Mark.Kundmueller@troutman.com
TROUTMAN PEPPER
600 Peachtree Street, NE, Suite 3000
Atlanta, GA 30308

Kaela J. Palmiter, Esquire
kpalmiter@jonesday.com
JONES DAY
1221 Peachtree Street, N.E., Suite 400
Atlanta, Georgia 30361

Charles Campbell, Esquire
Charles.campbell@equifax.com
Adrienne Adams, Esquire
Adrienne.adams@equifax.com
EQUIFAX, INC.
1550 Peachtree Street, N.W.
Atlanta, Georgia 30309

/s/ Jon E. Lewis
Of Counsel